# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **VAUGHN & MELTON CONSULTING ENGINEERS, INC.,** | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:16CV00005 |
| v. | ) ) ) | **OPINION AND ORDER** |
| **TOWN OF PENNINGTON GAP, VIRGINIA,** | ) ) ) ) | By: James P. Jones<br>United States District Judge |
| Defendant. | ) | |

*Eric W. Reecher, Elliott Lawson & Minor, P.C., Bristol, Virginia, for Plaintiff and Counterclaim Defendant; C. Adam Kinser, Kinser Law PLC, Pennington Gap, Virginia, and Gregory D. Edwards, Jonesville, Virginia, for Defendant and Counterclaim Plaintiff.*

In this diversity action, plaintiff Vaughn & Melton Consulting Engineers, Inc. ("V&M") has asserted three breach of contract claims against the Town of Pennington Gap, Virginia, ("Town") arising out of a greenway trail project, an all-terrain-vehicle trail project, and a drinking water system capital improvement project. V&M contends that the Town has not paid in full for services V&M performed for these projects. The Town has asserted a Counterclaim, alleging that V&M did not perform as required under its contracts with the Town. The Town has moved for partial summary judgment as to Count I of the Complaint, and

V&M has moved for summary judgment on the Counterclaim. For the following reasons, I will deny both motions.

I.

The following facts are taken from the summary judgment record.

V&M and the Town entered into a Short Form of Agreement between Owner and Engineer for Professional Services for a Greenway Trail System project ("Greenway Agreement"), effective December 19, 2011. The Greenway Agreement generally describes V&M's services as "Basic Services for Design, Bidding & Negotiating, Construction and Post-Construction Phases supporting the Town's Greenway Trail System development." (Compl. Ex. A at 1, ECF No. 1-2.) The greenway project was funded by the Virginia Department of Transportation.

On March 13, 2014, V&M sent a letter to the Town's mayor indicating, among other things, that there were no outstanding invoices at that time, but that there were some fees for which V&M had not yet billed the Town. The Town had previously received and paid two V&M invoices related to the Greenway Agreement. The Town received no additional invoices related to the Greenway Agreement for more than two years. Then, in April, 2014, V&M notified the Town in a letter that it was terminating the Greenway Agreement. The letter did not state a reason for the termination, but a representative of V&M told a representative of the Town that V&M was terminating the Greenway Agreement

due to nonpayment. In June, 2014, V&M sent the Town an invoice for $181,263.20 for work allegedly performed and expenses allegedly incurred under the Greenway Agreement.

V&M and the Town also entered into a Short Form of Agreement between Owner and Engineer for Professional Services for an all-terrain-vehicle trail system project ("ATV Trail Agreement"), effective December 19, 2011. The ATV Trail Agreement generally describes V&M's services as "Basic Services for Design, Bidding & Negotiating, Construction and Post-Construction Phases supporting the Town's Stone Mountain ATV Trail System development." (Compl. Ex. C at 1, ECF No. 1-4.) V&M performed work under the ATV Trail Agreement and invoiced the Town, but the Town has not fully paid the invoiced amounts.

V&M and the Town entered into an Agreement between Owner and Engineer for Study and Report Professional Services for a drinking water system capital improvement plan project ("CIP Agreement"), effective June 1, 2013. The CIP Agreement states that V&M will "Assemble an Infrastructure Asset Management (IAM) document and update the Capital Improvements Plan (CIP) for the Town's drinking water system." (Compl. Ex. E at 1, ECF No. 1-6.) V&M performed work under the CIP Agreement and invoiced the Town, but the Town has not fully paid the invoiced amounts.

-3-

Case 2:16-cv-00005-JPJ-PMS   Document 49   Filed 12/14/16   Page 3 of 5   Pageid#: 969

The motions for summary judgment have been fully briefed and are ripe for decision.[1]

II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To raise a genuine issue of material fact sufficient to avoid summary judgment, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

It is clear from the summary judgment record that the parties dispute a number of facts material both as to Count I of the Complaint and the Counterclaim. These disputed facts include the reason for V&M's termination of the Greenway Agreement, whether that termination was justified, whether V&M's charges are supported and reasonable, whether certain work was authorized by the Town, whether V&M performed satisfactorily under the contract, and which party

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not significantly aid the decisional process.

-4-

Case 2:16-cv-00005-JPJ-PMS   Document 49   Filed 12/14/16   Page 4 of 5   Pageid#: 970

committed the first breach. Therefore, summary judgment is not appropriate, and I will deny the motions.

III.

For the foregoing reasons, it is **ORDERED** as follows:

1. The Motion for Summary Judgment filed by Vaughn & Melton Consulting Engineers, Inc. (ECF No. 41) is DENIED; and

2. The Motion for Summary Judgment filed by the Town of Pennington Gap, Virginia, (ECF No. 43) is DENIED.

ENTER: December 14, 2016

/s/ James P. Jones
United States District Judge